**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ATLAS AIR, INC. and POLAR AIR CARGO WORLDWIDE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS; INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION; AIRLINE PROFESSIONALS ASSOCIATION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224; and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 2750,<br><br>Defendants. | Civil Action No. 1:17-cv-01953-RDM |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO TEAMSTERS LOCAL
UNION NO. 1224'S MOTION TO BE DROPPED AS A DEFENDANT**

## INTRODUCTION

On October 22, 2019, Teamsters Local Union No. 1224 ("Local 1224") filed a motion to be "dropped" as a defendant in this action. The motion followed the October 11, 2019 transfer of Local 1224's responsibilities as the bargaining representative of pilots employed by Atlas Air, Inc. and Polar Air Cargo Worldwide, Inc. (collectively, "Atlas") to the newly-chartered Teamsters Local Union No. 2750 ("Local 2750"). Atlas opposed this motion on the grounds that Atlas has an accrued, but not yet asserted, claim for civil contempt damages against Local 1224 for non-compliance with the preliminary injunction issued by this Court. During a status conference on October 30, 2019, this Court questioned whether it retained jurisdiction over Local 1224 following the transfer of bargaining responsibilities to Local 2750, given that no claim for civil contempt damages had yet been asserted against Local 1224. In response, Atlas requested an opportunity to file this supplemental brief addressing the jurisdictional issue. For the reasons discussed below, Atlas agrees that this Court lacks jurisdiction over Local 1224 at this time given that Atlas' claim for contempt damages has not yet been asserted, and thus hereby withdraws its opposition to dropping Local 1224 as a defendant. In doing so, Atlas reserves its rights to assert a civil contempt damages claim in the future against Local 1224. Atlas requests that the order dropping Local 1224 be designated as without prejudice to such rights.

## BACKGROUND

On November 30, 2017, after a three-day trial and substantial briefing from the parties, this Court issued a Preliminary Injunction Order (the "Order") enjoining the union Defendants from, among other things, "authorizing, encouraging, permitting, calling, engaging in, or continuing any strike, work stoppage, sick-out . . . slowdown . . . or other self-help against Plaintiffs relating to the dispute or disputes arising from the Section 6 notice served in the round

of bargaining that commenced on or about February 2016." (Dkt No. 60 at 1.) In its opinion, the Court determined that Local 1224 was the day-to-day bargaining representative of Atlas' pilots and relied on numerous ATAMs, Crew Call messages, and emails issued by Local 1224 in determining that the union Defendants were engaged in an unlawful slowdown. *See Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 280 F. Supp. 3d 59, 70, 74-75, 78-79 (D.D.C. 2017). The D.C. Circuit Court of Appeals affirmed. *See Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 928 F.3d 1102 (D.C. Cir. 2019).

On October 11, 2019, Defendant International Brotherhood of Teamsters transferred representation of Atlas pilots from Local 1224 to newly-chartered Local 2750, leaving Local 1224 as representative of Southern Air Inc. ("Southern") pilots (as well as other pilot groups at non-affiliated carriers). *See* Def. Airline Professionals Ass'n of the Int'l Bhd. of Teamsters, Local Un. No. 1224's Mem. in Support of Mot. to Be Dropped as a Def. and to Substitute Newly Chartered Teamsters Local Un. 2750 as a Def., *Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 1:17-cv-01953-RDM, Dkt. No. 75 (D.D.C. Oct. 22, 2019). Local 1224 subsequently moved under Federal Rule of Civil Procedure 25(c) to be "dropped as a defendant" in this action. *See id*. Atlas filed its opposition to this motion on October 30, 2019. (Dkt. 79.) This Court held a scheduling conference the same day. (*See* Declaration of Rachel Janger ("Janger Decl.") ¶ 2, Ex. 1.)

During the October 30 scheduling conference, the Court questioned whether any case or controversy remained between Atlas and Local 1224. (*See* Janger Decl. ¶ 2, Ex. 1 at 13:4-16.) Given that Local 2750 now represents the Atlas pilots, the Court asked counsel for Atlas whether Atlas had a present claim for relief against Local 1224, and, if not, whether there was any basis for the Court to retain jurisdiction over Local 1224. (*Id*. at 9:1-15.) Counsel for Atlas explained

that the carrier was considering a motion for civil contempt against Local 1224, to compensate Atlas for actual damages it has incurred due to Local 1224's past violations of the Order. (*Id.* at 9:16-10:6.) In response, the Court stated, "[s]o I think that you need to resolve that question about whether you're seeking that relief. Because if you're not seeking any relief from 1224, I tend to doubt that I actually have jurisdiction with respect to claims against 1224 at this point." (*Id.* at 11:14-18.)

Based on its research, Atlas concurs with this Court's view that a claim for civil contempt damages that is not yet pled cannot serve as the basis for jurisdiction over Local 1224. *See Go Fast Sports & Beverage Co. v. Buckner*, 2008 WL 2852626, at *2 (D. Colo. July 23, 2008) (finding no subject matter jurisdiction where counterclaim "is not yet plead and cannot serve as the basis for subject matter jurisdiction"); *McDowell v. Honeywell Int'l, Inc.*, 2002 WL 32107933, at *1 (S.D. Tex. Jan. 23, 2002) (no subject matter jurisdiction because the "Court cannot accept hypothetical claims as a proper basis for federal jurisdiction"). While Atlas believes that it has a compelling and actionable claim against Local 1224 (and all the Defendants) for civil contempt damages accrued from the date of the Order, Atlas has determined that it will not assert that claim at this time, in deference to its ongoing discussions with Teamster representatives in connection with their mutual efforts to reach a joint collective bargaining agreement with the Atlas and Southern pilots. For this reason, Atlas withdraws its opposition to Local 1224's motion to be dropped as a defendant in this case. Because Atlas does not waive its right to move for contempt against Local 1224 at a future time, Atlas requests that

the dropping of Local 1224 should be without prejudice to any future right to assert a claim for accrued civil contempt damages against Local 1224.

## ARGUMENT

### The Dropping of Local 1224 Should Be Without Prejudice Because This Court Will Have Jurisdiction To Adjudicate A Future Contempt Motion Against Local 1224 And The Other Union Defendants.

"A district court [has] jurisdiction to enforce the terms of a previously entered injunction." *Am. Min. Cong. v. U.S. Army Corps of Engineers*, 120 F. Supp. 2d 23, 27 (D.D.C. 2000); *see also Libaire v. Kaplan*, No. 06 CV 1500 DRH ETB, 2012 WL 273121, at *2 (E.D.N.Y. Jan. 30, 2012) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."). In addition to its power to coerce compliance, the Court has the power to order a non-compliant defendant to compensate a plaintiff for damages incurred as a result of the non-compliance. *See American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (in a RLA Section 2, First, injunction case over a slowdown, court held that "[j]udicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, *and to compensate the complainant for losses sustained*.") (emphasis added); *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 29 (D.D.C. 2014) ("A civil contempt action is characterized as remedial in nature, used to obtain compliance with a court order *or to compensate for damages sustained as a result from noncompliance*.") (emphasis added); *Unitronics (1989) (R''G) Ltd. v. Gharb*, 85 F. Supp. 3d 147, 153 (D.D.C. 2015) ("Sanctions may be imposed in civil contempt proceedings for either or both of two purposes: to coerce the defendant into compliance with the court's order, *and to compensate the complainant for losses sustained*."); *see also In re Ransom*, 599 B.R. 791, 821

(Bankr. W.D. Pa. 2019) ("If a sanction is tied to past conduct, only, it cannot be coercive, and thus must be solely compensatory.").

"If a civil contempt order is coercive in nature, the general rule is that it is mooted when the proceeding out of which it arises terminates; on the other hand, if the need for the contempt order survives the termination of the underlying proceeding, such as when a party must be compensated for costs and injuries, then the contempt order does not become moot." *Ohr ex rel. Nat'l Labor Relations Bd. v. Latino Exp., Inc.*, 776 F.3d 469 (7th Cir. 2015); *see also Klett v. Pim*, 965 F.2d 587, 590 (8th Cir. 1992) ("In this case, the underlying injunction became moot. . . . All the acts and omissions of which [Plaintiff] complains took place before the injunction became moot. Because a compensatory civil contempt action is proper under these circumstances, the district court erred in dismissing [Plaintiff's] complaint as moot."); *In re Keene Corp.*, 168 B.R. 285, 289 (Bankr. S.D.N.Y. 1994) ("If the civil contempt proceeding is coercive in nature, the general rule is that it is mooted when the proceeding out of which it arises is terminated. . . . If, however, the civil contempt proceeding is compensatory in nature, the termination of the underlying action out of which the contempt hearing arose does not moot the contempt proceeding. . . . [T]his case falls within the rule that the termination of a properly issued order does not affect a party's right to compensatory civil contempt damages arising from its violation."). And the courts have recognized that there is no statute of limitations applicable to a compensatory civil contempt damages claim. *See ABI Jaoudi & Azar Trading Corp. v. Cigna Worldwide INS. Co.*, No. 91-6785, 2016 WL 3959078, at *20 (E.D. Pa. July 22, 2016)

("[N]o statute of limitations applies to civil contempt proceedings."); *see also Adcor Indus., Inc. v. Bevcorp, LLC*, 411 F. Supp. 2d 778, 803 (N.D. Ohio 2005).

As these authorities establish, Atlas has a legal basis to seek compensatory civil contempt sanctions against Local 1224 if it can show that Local 1224 violated the Court's Order, and, in so doing, caused financial injury to Atlas. Moreover, this Court would have jurisdiction to hear and resolve such a motion. *See Baker v. Gen. Motors Corp.*, 522 U.S. 222, 236 (1998) ("Sanctions of violations of an injunction . . . are generally administered by the court that issued the injunction."). Thus, Atlas requests that the Court's order dropping Local 1224 as a defendant be without prejudice to any future motion Atlas may bring to join Local 1224 in a civil contempt damages claim.

## CONCLUSION

For these reasons, Atlas withdraws its opposition to Local 1224's motion to be dropped as a defendant in this case and requests that Local 1224 be dropped without prejudice.

Dated:   November 13, 2019           Respectfully submitted,
         Washington, D.C.

                                     By: s/ Robert A. Siegel
                                        Robert A. Siegel
                                        (D.C. Bar #1004474)
                                        Michael G. McGuinness
                                        (admitted *pro hac vice*)
                                        Rachel S. Janger
                                        (D.C. Bar #467142)
                                        Sloane Ackerman
                                        (admitted *pro hac vice*)

                                     O'MELVENY & MYERS LLP

                                     1625 Eye Street, NW
                                     Washington, D.C. 20006
                                     Telephone:  (202) 383-5300
                                     Facsimile:  (202) 383-5414
                                     rsiegel@omm.com
                                     rjanger@omm.com

400 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407
mmcguinness@omm.com

7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
sackerman@omm.com

*Attorneys for Plaintiffs*